| | |
|---|---|
| **COUNTY COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO** <br> 1437 Bannock, Room 256 <br> Denver, Colorado 80202 <br><br> Plaintiff: **PETER BARNES, an individual** <br><br> v. <br><br> Defendant: **NCO FINANCIAL SYSTEMS, INC**, a Pennsylvania corporation operating as a Colorado foreign Corporation | DATE FILED: April 15 2014 <br> CASE NUMBER: 2014CV219 |
| Plaintiff appears *pro se* <br><br> Peter Barnes <br> 3537 E. 2nd Ave <br> Denver, Colorado 80206 <br> Phone: 303-916-5070 <br> **MAILING ADDRESS:** <br> **PO BOX 6196** <br> **DENVER CO 80206** <br> E: pbbarnes@mac.com | **COURT USE ONLY** <br> Case Number: <br> 14CV219 <br><br> Div.:          Ctrm.: <br>                   37¢ |
| **COMPLAINT** | |

1. This is an action under the Fair Debt Collection Practices Act, hereinafter "FDCPA," 15 U.S.C. 1692a, and FCRA (Fair Credit Reporting Act) Sections 616, 617 and 623 of the Act, 15 U.S.C. §§ 1681n, 1681o, 1681s-2, and 609 2(E).

2. Jurisdiction in this case is hounded upon 15 U.S.C. 1692k, which grants the United States District Courts and County Courts jurisdiction to hear this action without regard to the amount in controversy.

3. The Fair Credit Reporting Act ("FCRA" or "the Act"), 15 U.S.C. §§ 1681 *et seq.*, seeks to ensure the "accuracy and fairness of credit reporting." 15 U.S.C. § 1681(a).

4. Declaratory relief is available pursuant to 28 USC 2201.



## Parties

5. The plaintiff is Peter Barnes, an adult residing at 3537 E 2nd Ave, Denver CO 80206 **(with a mailing address of POB 6196, Denver CO 80206).**

6. Defendant NCO FINANCIAL SYSTEMS, Inc, ("*NCO*") is a Pennsylvania based Corporation acting as a Colorado foreign entity, with a registered agent at 1675 Broadway Ste 1200 Denver CO 80202. *(Exhibit A)*

7. Defendant PSCU is a "Debt Collector" as defined by the FDCPA, 15 U.S.C. 1681(a) and 603 (t).

8. Plaintiff is a "consumer" as defined 15 U.S.C. 1692a(3).

## Factual Allegations

9. This case is regarding an alleged medical debt of $ 250.00 for Plaintiffs minor son.

10. Plaintiff had no knowledge of any alleged outstanding liability due and has had no contact from the alleged medical facility or the Defendant prior to April 10 or 11th, 2014.

11. On or about April 11, 2014 Plaintiff received a letter of alleged debt from Defendant requesting payment in the amount of $ 250.00. (dated April 2, 2014)

12. On or about April 12, 2014, Plaintiff received a 'credit monitoring' notice of derogatory item filed by Defendant on Plaintiffs Experian report.

13. On or about April 13, 2014, Plaintiff received a 'credit monitoring' notice of derogatory item filed by Defendant on Plaintiffs Equifax report.

14. On April 14, 2014 Plaintiff contacted NCO to inquire about the alleged debt.

15. On April 14, 2014, NCO employee 'Amber' notified Plaintiff that the Defendant did indeed report the derogatory on Plaintiffs credit, Defendant would not remove the listing even if payment was made for the alleged debt, and that Defendant had never contacted nor followed and F.C.R.A. procedures.

16. On April 14, 2014, NCO employee 'Amber' also notifies Plaintiff that NCO has started litigation against *'Amy Keesee'* in reference to the alleged debt as well.

17. On April 14, 2014, Plaintiff disputed the alleged debt, to which no answer has been received at the filing of this complaint.

18. Defendant NCO, knowingly and willing and with malice, falsely reported Barnes as *'Charged Off and Collection Account'* without notification to Plaintiff.

19. On or about April 14, 2014, Plaintiff mailed Credit Bureau Equifax, Experian and Transunion, via US Certified Mail with Return Receipt, a demand for investigation and correction of the inaccurate reporting from NCO pursuant to the FDCPA.

20. Section 623 of the Act, 15 U.S.C. 1681s-2, imposes two distinct sets of obligations on companies (NCO) who furnish information to CRAs.  623 (a) impose broad duties, such as to refrain from knowingly reporting erroneous information, and to correct and update furnished information.  Defendant NCO violated this Section of the FCRA.

21. NCO knowingly and willingly continues to report inaccurate information regarding Barnes to the credit Bureaus.

22. Defendant continues to negatively report the alleged debt to Equifax, Experian and Transunion credit bureau's causing severe damage to plaintiffs credit score, which plaintiff relies on for his business.

23. Defendant's actions have caused severe and intense emotional distress to plaintiff.

24. Defendant continues to defame Plaintiff and is intentionally inflicting emotional distress to Plaintiff.

25. Defendant has breached its duties to maintain reasonable procedures of investigation and verification of payments.

26. Plaintiff has been humiliated and embarrassed by defendant's actions.

27. Plaintiff continues to be emotionally affected by defendant's unlawful actions.

28. Plaintiff is unable to conduct business due to the inaccurate reporting.

29. Plaintiff is in jeopardy of losing a substantial earnest deposit as a result of Defendants false reporting of payment history.

### Claim for Relief

30. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

31. Defendant has violated FDCPA Section 809(b) by reporting a debt they have failed to validate, while reporting to the credit bureaus.

32. Defendant has violated FDCPA Section 807(8) for failing to report the debt as disputed.

33. The Defendant violated 623(b)(1)(E)i,ii, iii by failing to investigate and correct the accuracy of Furnishers information.

34. As a result of the above violations of the FDCPA and FCRA, the Defendant is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA and FCRA, and Plaintiffs actual damages, statutory damages, costs and fees.

35. Defendant has and continues to violate FCRA 609 2(E) by continuing to validate an alleged debt that the defendant can not validate or show any proof of the alleged debt.

36. Defendant s liable for damages actually suffered by Plaintiff in regards to lost earnest money based on Defendants inaccurate reporting.

37. Plaintiff reserves the right to amend the Complaint and add additional Defendants and claims.


WHEREFORE, Plaintiff respectfully prays that judgment in a sum to be determined be entered against the Defendant for the following;

A. Declaratory judgment that Defendant' conduct violated the FDCPA and FCRA, and declaratory an injunctive relief against the Defendant;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. 1692K.

D. Costs and reasonable fees pursuant to 15 U.S.C. 1692k

E. For such other and further relief as may be just and proper


Respectfully Submitted,

Peter Barnes
PRO SE
PO Box 6196
Denver CO 80206
T 303-916-5070
pbbarnes@mac.com